**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN<br><br>        Plaintiffs,<br><br>    v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*<br><br>        Defendants. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, and 1332**<br><br>SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY<br><br>DOCKET NO: MON-L-00534-24<br><br><br>Action Filed:        2/8/2024<br>Last Defendant Served:  8/13/2024<br>Trial Date:          None Set |

## NOTICE OF REMOVAL

### TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331 and 1332 and on the grounds set forth below, Defendants, Compact Information Systems, LLC, Accudata Integrated Marketing, Inc., Alumnifinder, ASL Marketing, Inc., College Bound Selection Service, Deepsync Labs, Homedata, and Student Research Group hereby removes the above-captioned action from the Superior Court of New Jersey Law Division, Monmouth County, to the United States District Court for the District of New Jersey. The factual bases in support of this Notice of Removal are set forth in further detail below.

### D.N.J. LOCAL RULE 10.1 STATEMENT

The named plaintiffs in this action are Atlas Data Privacy Corporation, JANE DOE-1, JANE DOE-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Peter Andreyev, and William Sullivan (collectively, the "Plaintiffs"). The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. The Defendants are unable to locate the precise address of the remaining Plaintiffs.

Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07102, and John A. Yanchunis, Esq. and Ryan J. McGee, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The Defendants in this action are Compact Information Systems, LLC, Accudata Integrated Marketing, Inc., Alumnifinder, ASL Marketing, Inc., College Bound Selection Service, Deepsync Labs, Homedata, and Student Research Group (collectively, the "Defendants"). Defendants are represented by Jared K. Levy and Christopher J. Seusing of Wood Smith Henning & Berman LLP, 400 Connell Drive, Suite 100, Berkeley Heights, NJ 07922.

# **TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ......................................................... 1

II.   LEGAL STANDARD ................................................................ 3

III.  VENUE ....................................................................................... 5

IV.   TIMELINESS OF REMOVAL .................................................. 5

V.    GROUNDS FOR REMOVAL .................................................... 7

    A.    Removal is proper pursuant to 28 U.S.C. § 1332 as this action is a punitive class action lawsuit .................................................... 7

        i.    Regardless of the label placed by Plaintiffs, this action is a punitive class action lawsuit ........................................ 8

        ii.   The requirements of CAFA are met because this matter is a class action  lawsuit and the amount in controversy exceeds the sum or value of $5,000,000 .................................... 13

        iii.  The Requirement of CAFA are met because this matter is a  class action  lawsuit, the class has more than 100 members, and the parties are minimally diverse ....................... 15

    B.    Alternatively, removal is proper pursuant to 28 U.S.C. § 1332 as this lawsuit is a mass action ............................................... 18

    C.     Removal is also proper pursuant to 28 U.S.C. § 1331 as a federal question exists ...................................................................... 21

        i.    Removal is proper as embedded jurisdiction exists .................. 22

V.    CONCLUSION ...................................................................... 24

# **TABLE OF AUTHORITIES**

## **CASES**

**PAGE**

*Abraham v. St. Croix Renaissance Grp., L.L.L.P.*,
719 F.3d 270 (3d Cir. 2013) ...............................................................19

*Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*,
731 F.3d 740 (7th Cir. 2013) ...............................................................10

*Aguilar-Vaz v. Lantern Hill Inc.*,
No. CV 24-00382 (BRM) (CLW), 2024 WL 1928453
(D.N.J. Apr. 30, 2024) ...........................................................................6

*Alabama Great Southern Railway Co. v. Thompson*,
200 U.S. 206 (1906)...............................................................................10

*Attorneys Tr. v. Videotape Computer Prod., Inc.*,
93 F.3d 593 (9th Cir. 1996) ...........................................................*passim*

*Badeaux v. Goodell*,
358 F. Supp. 3d 562 (E.D. La. 2019)......................................................8

*Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*,
794 F. Supp. 2d 265 (D. Mass. 2011).....................................................4

*Carter v. Seaboard Coast Line R.R. Co.*,
318 F.Supp. 368 (D.S.C.1970) ...............................................................12

*Castanon v. United Parcel Serv., Inc.*,
624 F. Supp. 3d 846 (E.D. Mich. 2022) ............................................4,5,9

*Clapp v. LeBoeuf, Lamb, Leiby & MacRae*,
862 F. Supp. 1050 (S.D.N.Y. 1994), *aff'd,* 54 F.3d 765 (2d Cir. 1995)............23

*Cmiech v. Electrolux Home Prods., Inc.*,
520 F.Supp.2d 671 (M.D.Pa.2007)..........................................................6

*Dart Cherokee Basin Operating Co., LLC v. Owens,* U.S.,
135 S.Ct. 547 (2014).................................................................................8

*Delalla v. Hanover Ins.,*
660 F.3d 180 (3d Cir. 2011) ...........................................................................6

*Derieux v. FedEx Ground Package Sys., Inc.,*
No. CV 21-13645-NLH-MJS, 2022 WL 901500 (D.N.J. Mar. 28, 2022) ........16

*Di Loreto v. Costigan*,
351 F. App'x 747 (3d Cir. 2009) .....................................................................6

*E.J. Breneman, LP v. Rd. Sci. LLC*,
2012 WL 406346 (E.D.Pa. Feb. 9, 2012) ........................................................11

*Erie Ins. Exch. by Stephenson v. Erie Indem. Co.,*
68 F.4th 815 (3d Cir. 2023), cert. denied, 144 S. Ct. 1007 (2024)...................9

*Fowler v. Coals,*
418 F.Supp. 909 (E.D.Tenn.1976)...................................................................11

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.,*
463 U.S. 1 (1983)..........................................................................................21,22

*Gallagher v. Johnson & Johnson Consumer Companies, Inc.,*
169 F. Supp. 3d 598 (D.N.J. 2016)...............................................................8,16

*Gentle v. Lamb–Weston, Inc.,*
302 F.Supp. 161, 162 (D.Me.1969) ................................................................12

*Golden ex rel. Golden v. Golden*
382 F.3d 348 (3d Cir. 2004) ...........................................................................20

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005).................................................................................passim

*Grace v. T.G.I. Fridays, Inc.,*
No. CIV. 14-7233 RBK, 2015 WL 4523639 (D.N.J. July 27, 2015) ..............4,14

*Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*,
988 F.2d 476 (3d Cir. 1993) .............................................................................6

*Grassi v. Ciba–Geigy, Ltd.,*
894 F.2d 181 (5th Cir.1990) ............................................................................11

6

*Gunn v. Minton,*
568 U.S. 251 (2013)..........................................................................................22,24

*Haley v. AMS Servicing, LLC*,
No. CIV. 13-5645 FSH JBC, 2014 WL 2602044 (D.N.J. June 11, 2014) ........20

*Ham v. Novartis Int'l AG,*
No. CV233503MEFMAH, 2023 WL 7634774 (D.N.J. Oct. 17, 2023*),*
*report and recommendation adopted, No*. CV2303503MEFMAH,
2023 WL 7633170 (D.N.J. Nov. 14, 2023) ...................................................... 21

*Haskin v. Corporacion Insular de Seguros,*
666 F.Supp. 349 (D.P.R.1987) ...........................................................................11

*Heffley v. Acme Markets, Inc.,*
No. 1:08-CV-3397 (NLH), 2009 WL 10690351 (D.N.J. Mar. 16, 2009).........20

*Huber v. Taylor,*
532 F.3d 237 (3d Cir. 2008) ...............................................................................20

*Ifill v. CVS Pharmacy*,
No. CV2014818KMJBC, 2021 WL 486884 (D.N.J. Feb. 9, 2021) ..................20

*Illinois Legislative Redistricting Comm'n v. LaPaille,*
786 F. Supp. 704 (N.D. Ill. 1992) .....................................................................23

*In re Modafinil Antitrust Litig.,*
837 F.3d 238 (3d Cir. 2016), *as amended* (Sept. 29, 2016) ..............................15

*Karachi Bakery India v. Deccan Foods LLC,*
No. CV 14-5600, 2016 WL 1367862 (D.N.J. Apr. 6, 2016)............................*passim*

*Kaufman v. Allstate New Jersey Ins. Co.,*
561 F.3d 144 (3d Cir. 2009). ...............................................................................8

*Keene Corp. v. Cass,*
908 F.2d 293 (8th Cir.1990) ..............................................................................23

*Lincoln Ben. Life Co. v. AEI Life, LLC*,
800 F.3d 99 (3d Cir. 2015) ..................................................................................4

*LNY 5003 LLC v. Zurich Am. Ins. Co.,*
558 F. Supp. 3d 416 (S.D. Tex. 2021), *aff'd sub nom.*
*LNY 5003, L.L.C. v. Zurich Am. Ins. Co.,* No. 22-20573,
2023 WL 6621677 (5th Cir. Oct. 11, 2023) ...................................................10

*Lowery v. Alabama Power Co.,*
483 F.3d 1184 (11th Cir.2007) .............................................................*passim*

*Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
772 F.3d 158 (3d Cir. 2014) ...............................................................22

*Martinez v. Harrison*,
No. CV2303513JXNMAH, 2023 WL 5237130 (D.N.J. Aug. 15, 2023)..........3

*Merrell Dow Pharm. Inc. v. Thompson,*
478 U.S. 804 (1986)...........................................................................21

*MHA LLC v. HealthFirst, Inc.*,
629 F. App'x 409 (3d Cir. 2015)........................................................22

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
571 U.S. 161 (2014)...........................................................................5,9

*Mithril GP Emp. Feeder LLC v. McKellar*,
No. 19-CV-2144-RGA, 2020 WL 3206555 (D. Del. June 15, 2020) ..............4

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,*
526 U.S. 344 (1999) .........................................................................5,6

*Navarro Savings Association v. Lee*,
446 U.S. 458 (1980)...........................................................................10

*Nukote of Illinois, Inc. v. Clover Holdings, Inc.*,
2011 WL 13290667 (N.D. Tex.) ........................................................11

*Parrish v. The Arc of Morris Cnty., LLC*,
193 F. Supp. 3d 425 (D. N.J 2016)...................................................21

*Pasquotank Action Council, Inc. v. City of Virginia Beach,*
909 F.Supp. 376 (E.D.Va.1995) ........................................................11

*Phillips v. Wellpoint, Inc.,*
No. 10-cv-357, 2010 WL 4877718 (S.D. Ill. Nov.23, 2010) ...........................15

*Robert D. Mabe, Inc. v. OptumRX,*
43 F.4th 307 (3d Cir. 2022) ...............................................................18,19

*Rosenblatt v. Nuplexa Grp., Inc.,*
No. CV161064ESSCM, 2016 WL 3546579 (D.N.J. June 29, 2016)...............*passim*

*Standard Fire Ins. Co. v. Knowles*,
133 S. Ct. 1345 (2013)....................................................................8,14

*Stepnosky v. Silgan Holdings, Inc.,*
No. 21-CV-00319-KM-ESK, 2021 WL 2802473 (D.N.J. July 2, 2021) ..........21,22

*Thompson v. Travelers Indem. Co.,*
No. 23CV02630ZNQDEA, 2024 WL 340933 (D.N.J. Jan. 30, 2024) .............3,4

*Torres v. City of Trenton*,
No. CV1918368MASZNQ, 2020 WL 2767316 (D.N.J. May 27, 2020).........22

*Wecker v. National Enameling & Stamping Co.*,
204 U.S. 176 (1907)........................................................................10

*Williams v. Emps. Mut. Cas. Co.,*
845 F.3d 891 (8th Cir. 2017) ............................................................9

*Women's Med. Pro. Corp. v. Voinovich,*
911 F. Supp. 1051 (S.D. Ohio 1995), *aff'd,* 130 F.3d 187 (6th Cir. 1997) .......23

*W. Virginia ex rel. McGraw v. Bristol Myers Squibb Co.,*
No. CIV.A. 13-1603 FLW, 2014 WL 793569 (D.N.J. Feb. 26, 2014) .............24

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 5.1 .........................................................................................24

Rule 23 ..........................................................................................9,19

## OTHER AUTHORITY

Class Actions Shrugged: Mass Actions and the Future of
Aggregate Litigation, 32 Rev. Litig. 591, 606-07 (2013) ................................19

S. Rep. No. 109–14, 2005 U.S.C.C.A.N. 3 (2005)............................................8,19

Wright & Miller, Federal Practice and Procedure, § 3723.1.............................11

## STATUTES

28 U.S.C. §§ 1331.........................................................................................*passim*

28 U.S.C. §§ 1332.........................................................................................*passim*

28 U.S.C. § 1441................................................................................................3

28 U.S.C. § 1446..............................................................................................3,7

N.J.S.A. 2A:15-5.14(b)....................................................................................15

N.J.S.A. 40A:14-122.8 .....................................................................................17

N.J.S.A. 56:8-166.1 ........................................................................................1,2

## I.    FACTUAL BACKGROUND

1.      On February 8, 2024, Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons ("Atlas"), JANE DOE-1, JANE DOE-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively, "Plaintiffs")  commenced the above-referenced action in Superior Court of New Jersey Law Division, Monmouth County (the "State Court") by filing a Complaint against the Defendants, alleging violations of N.J.S.A. 56:8-166.1 ("Daniel's Law"). This action is one of approximately 143 similar lawsuits originally filed in the New Jersey state court system by Atlas alleging violations of Daniel's Law. Of the 143 similar lawsuits, approximately 71 were removed to the Federal District Court for the District of New Jersey[1] and consolidated.

2.      Daniel's Law provides that upon receiving statutory Notification[2], "and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or re-disclose on the Internet or otherwise make

---

[1] *See Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, et al v.Lightbox Parent, et al* (Case No. 1:24-cv-04105-HB)

[2] An authorized person seeking to prohibit the disclosure of the home address or unpublished home telephone number of any covered person shall provide written notice to the person from whom the authorized person is seeking nondisclosure that the authorized person is an authorized person and requesting that the person cease the disclosure of the information and remove the protected information from the Internet or where otherwise made available. *See* N.J.S.A. 56:8-166.1(a)(2).

available, the home address or unpublished home telephone number of any Covered Person[3]." *See* N.J.S.A. 56:8-166.1(a)(1).

3.     The Complaint alleges that starting on January 3, 2024, each of the named Plaintiffs and each of the 18,848 Covered Persons who assigned their claims to Atlas sent Defendants "written nondisclosure requests (via email) using 'AtlasMail.'" *See* Complaint, at ¶ 59.

4.     The Complaint alleges that Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the named Plaintiffs and Covered Persons within the time period required by Daniel's Law. *See Id.*, ¶ 60.

5.     The Complaint vaguely alleges that the 18,848 Covered Persons who sent their non-disclosure requests to Defendants have assigned their claims against Defendants to Atlas.  *See Id.*, ¶¶ 26, 62.

6.     Plaintiffs allege that they are each entitled to recover from Defendants "actual damages not less than liquidated damages under Daniel's Law, at '$1,000 for each violation,'" along with "punitive damages", "attorneys' fees, interest (pre- and

---

[3] A "Covered Person" means an active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator in the Division of Child Protection and Permanency, as those terms are defined by section 1 of P.L.1995, c.23 (C.47:1A-1.1), or prosecutor, and any immediate family member residing in the same household as such judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor. *See* N.J.S.A. 56:8-166.1(d)(3).

post-judgment), and litigation costs[.]" *See Id.* ¶ 70.

7.     While this matter involves the purported claims of 18,848 Covered Persons, Plaintiffs have not pled this matter as a Punitive Class Action. *See* Case Management Statement, at pg. 2. Notwithstanding, as explained below, removal is proper as a federal question exists, and the purported assignments are a conclusive attempt by Atlas to illegally and artificially destroy a federal court's ability to exert subject matter jurisdiction.

## II.    LEGAL STANDARD

8.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*

9.     "To remove a case from state court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal, and a copy of all pleadings and orders served upon the defendant in the action." *Martinez v. Harrison*, No. CV2303513JXNMAH, 2023 WL 5237130, at *2 (D.N.J. Aug. 15, 2023) (*citing* 28 U.S.C. § 1446).

10.     To remove a case from state court "**no evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court**." *Thompson v. Travelers Indem. Co.,* No. 23CV02630ZNQDEA, 2024 WL 340933, at *2 (D.N.J. Jan. 30,

3

2024) (*citing Grace v. T.G.I. Fridays, Inc.,* No. CIV. 14-7233 RBK, 2015 WL 4523639, at \*3 (D.N.J. July 27, 2015).

11.    "When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *Id*.

12.    Courts sitting within the Third Circuit have routinely held that a party alleging federal jurisdiction is "entitled to limited discovery" if a factual challenge is made by the party opposing it. *See Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-CV-2144-RGA, 2020 WL 3206555, at \*1 (D. Del. June 15, 2020) (*quoting Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015)). Additionally, a defendant is entitled to jurisdictional discovery where it claims an assignment was collusively made principally to defeat removal. *See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.,* 794 F. Supp. 2d 265, 268 (D. Mass. 2011); *see also Karachi Bakery India v. Deccan Foods LLC,* No. CV 14-5600, 2016 WL 1367862, at \*2 (D.N.J. Apr. 6, 2016) ("Here, the Court does not have a sufficient factual record to determine whether the assignment at issue was at arms-length and for valuable consideration as opposed to being either improper or collusive. The Court therefore orders limited jurisdictional discovery on the issue of whether the assignment was an arms-length transaction for good and valuable consideration, or whether it was the result of impropriety or collusion."); *Castanon v. United Parcel Serv., Inc.,* 624 F.

Supp. 3d 846, 855 (E.D. Mich. 2022) (But "in certain contexts," including removal, district courts must "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction.") (*quoting Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 162 (2014)).

## III.    VENUE

13.    28 U.S.C. 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14.    Venue in this Honorable Court is proper as the United States District Court for the District of New Jersey embraces the State Court in which Plaintiffs filed their Class-Action Complaint.

## IV.    TIMELINESS OF REMOVAL

15.    28 U.S.C. 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id*.

16.    In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* the Supreme Court interpreted this provision to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the

complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347–48 (1999). "Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (citing *Murphy Brothers,*. 526 U.S. 344, 350); *Aguilar-Vaz v. Lantern Hill Inc.,* No. CV 24-00382 (BRM) (CLW), 2024 WL 1928453, at *2 (D.N.J. Apr. 30, 2024) (same). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

17.    28 U.S.C. 1446(b)(2)(C) provides that " If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id*. "Moreover, it has been accepted that 'the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired.'" *Star Media Sales, Inc.*, 988 F.2d 476, 488. (*quoting Cmiech v. Electrolux Home Prods., Inc.,* 520 F.Supp.2d 671, 676 (M.D.Pa.2007)); *see also Bostrom v. New Jersey Div. of Youth & Fam. Servs.,* No. CIV. 11-1424 JBS/JS, 2011 WL 3684817, at *3 (D.N.J. Aug. 22, 2011) (same); *Delalla v. Hanover Ins.,* 660 F.3d 180, 189 (3d Cir. 2011) ("We conclude that the later-served rule represents a better reading of the language § 1446(b) and results in

more equitable treatment to later-served defendants. We…adopt[] the later-served rule.").

18.     Here, this Notice of Removal is being filed in a timely manner, as the Removed Action first became removable upon the service of the Summons and Complaint on the last served defendants, College Bound Selection Service, Deepsync Labs, Homedata, and Student Research Group (the "Later Served Defendants") on August 13, 2024[4].  *See* Exhibit A.

19.     Each Defendant consents to the Later Served Defendants removal from State Court to the United States District Court for the District of New Jersey.

20.     As this Notice of Removal is being filed within 30 days after service of the summons and Complaint upon the Later Served Defendants on August 13, 2024 removal has been effectuated in a timely manner. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(c).

## V.     GROUNDS FOR REMOVAL

### A.     Removal is proper pursuant to 28 U.S.C. § 1332 as this action is a punitive class action lawsuit

21.     The Class Action Fairness Act of 2005[5] ("CAFA"), "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more

---

[4] Counsel for the Later Served Defendants agreed to accept service via e-mail on August 6, 2024, however Counsel for Plaintiffs did not serve the summons packets until August 13, 2024. *See* Exhibit A.

[5] *See* https://www.congress.gov/109/plaws/publ2/PLAW-109publ2.pdf

than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Rosenblatt v. Nuplexa Grp., Inc.,* No. CV161064ESSCM, 2016 WL 3546579, at *2 (D.N.J. June 29, 2016) (*quoting Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (*quoting* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

22.    "Congress passed CAFA to put an end to certain allegedly abusive practices by plaintiffs' class counsel, and because it was concerned that class actions were too often precluded from federal court by unnecessary procedural requirements." *Gallagher v. Johnson & Johnson Consumer Companies, Inc.,* 169 F. Supp. 3d 598, 601 (D.N.J. 2016) (*citing* S. Rep. No. 109–14, at 43, 2005 U.S.C.C.A.N. 3, 41 (2005); *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 148-49 (3d Cir. 2009). "CAFA sought to address these problems by amending the federal diversity statute to 'broaden[ ] federal diversity jurisdiction over class actions with interstate implications.'" *Id.* (*quoting Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1193 (11th Cir.2007))."Congress enacted CAFA to facilitate class actions in federal court, and its 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 602 (*quoting Dart Cherokee Basin Operating Co., LLC v. Owens,* U.S., 135 S.Ct. 547, 554 (2014) (*quoting* S. Rep. No. 109-14, p. 43 (2005)).

> **i.    Regardless of the label placed by Plaintiffs, this action is a punitive class action lawsuit**

23.    "A lawsuit resembling a class action will not escape CAFA jurisdiction

simply because it omits the words 'class action' or does not include the state rule or statute under which it proceeds as a class action." *Badeaux v. Goodell,* 358 F. Supp. 3d 562, 567 (E.D. La. 2019) (*citing Williams v. Emps. Mut. Cas. Co.,* 845 F.3d 891, 900 (8th Cir. 2017) ("If we interpreted 'any civil action filed under Rule 23'or a state-law analogue to refer only to cases that specifically mention Rule 23 or a state-law analogue, as Williams proposes, a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds."

24.    28 U.S.C. § 1332(d)(1)(B) defines "class action" as any civil action filed under Fed. R. Civ. P. Rule 23 or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B). Regardless of the labels placed by a plaintiff, courts look to the "reality of the transaction" to determine whether subject matter jurisdiction exists. *Attorneys Tr. v. Videotape Computer Prod., Inc.,* 93 F.3d 593, 596 (9th Cir. 1996).

25.    "If a complaint does not satisfy CAFA's jurisdictional requirements on its face, [a court] must cut through any pleading artifice to identify whether the case is in substance an interstate class action." *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.,* 68 F.4th 815, 819 (3d Cir. 2023), cert. denied, 144 S. Ct. 1007, 218 L. Ed. 2d 173 (2024); *Castanon,* 624 F. Supp. 3d 846, 855 (But "in certain contexts," including removal, district courts must "look behind the pleadings to ensure that parties are not

improperly creating or destroying diversity jurisdiction.") (*quoting Hood,* 571 U.S. 161, 162).

26.    The Supreme Court has long and forcefully held "federal courts ' may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." *LNY 5003 LLC v. Zurich Am. Ins. Co.,* 558 F. Supp. 3d 416, 420 (S.D. Tex. 2021), *aff'd sub nom. LNY 5003, L.L.C. v. Zurich Am. Ins. Co.,* No. 22-20573, 2023 WL 6621677 (5th Cir. Oct. 11, 2023) (*quoting Alabama Great Southern Railway Co. v. Thompson*, 200 U.S. 206, 218 (1906); *citing Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)); *see also Addison Automatics, Inc. v. Hartford Cas. Ins. Co*., 731 F.3d 740, 742 (7th Cir. 2013) ("The question before us is whether this new action is a class action removable under CAFA. We conclude that it is in substance a class action and was properly removed to federal court, notwithstanding Addison's artificial attempt to disguise the true nature of the suit."). "Indeed, the Supreme Court instructs that…subject matter jurisdiction is measured only by the identities of the real parties in interest." *Id.,* at 423 (*citing Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)); *see also Attorneys Trust,* 93 F.3d 593, 597.

27.    "Courts have remained sensitive to and concerned by manipulations of their jurisdiction" regarding assignments "which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case." *Attorneys*

*Trust,* 93 F.3d 593, 597. It's therefore "well-settled that the district court will not allow removal to be defeated by ... a merely apparent assignment of claims." *Zurich Am. Ins. Co.,* 558 F. Supp. 3d 416, 420 *Id. (quoting* Wright & Miller, Federal Practice and Procedure, § 3723.1); (*citing Attorneys Trust,* 93 F.3d 593, 596–99) ("A plaintiff may attempt to create or destroy diversity jurisdiction by making a transfer which is an assignment in name only. In either case, the plaintiff tampers with the jurisdiction of the court by artificially affecting it.")*; Nukote of Illinois, Inc. v. Clover Holdings, Inc.,* 2011 WL 13290667, *9 (N.D. Tex.)).

28.     In New Jersey, "in order to find a valid assignment, the assignment must be 'a negotiated, arms–length transaction made for good and valuable consideration; and that the sale was not made for the purpose of avoiding the jurisdiction.'" *Karachi Bakery India,* 2017 WL 4922013, at *4 (*quoting E.J. Breneman, LP v. Rd. Sci. LLC,* 2012 WL 406346, at *5 (E.D.Pa. Feb. 9, 2012)). Additionally, other courts throughout the country have set out additional factors which are to be considered in deciding whether an assignment is improper or collusive, including: were there good business reasons for the assignment; did the assignee have a prior interest in the item or was the assignment timed to coincide with commencement of litigation; was any consideration given by the assignee; was the assignment partial or complete. *Attorneys Trust.* 93 F.3d 593, 596 (*citing  Pasquotank Action Council, Inc. v. City of Virginia Beach,* 909 F.Supp. 376, 383 (E.D.Va.1995); *Haskin v. Corporacion Insular de Seguros,* 666 F.Supp. 349, 353–54 (D.P.R.1987); *Fowler v. Coals,* 418 F.Supp.

909, 911–13 (E.D.Tenn.1976); *see also Grassi v. Ciba–Geigy, Ltd.,* 894 F.2d 181 (5th Cir.1990) (determining that several facts supported the proposition that the assignment in question was improper: the assignee had no prior interest in the litigation, and the assignment was made shortly before suit was filed; there was no consideration for the assignment other than what was "essentially a contingent fee arrangement for collection work, which could have been effectuated without an assignment"; the assignment was partial; and the assignor and the assignee were represented by the same attorney.); *Carter v. Seaboard Coast Line R.R. Co.,* 318 F.Supp. 368, 369, 370, 372 (D.S.C.1970) ("neither state law nor rule 17(a) demands adherence to the principle that the underlying motive or purpose of an assignment will not be examined.'"); *Gentle v. Lamb–Weston, Inc.,* 302 F.Supp. 161, 162, 166 (D.Me.1969) (holding that assignment made for purpose of destroying diversity jurisdiction did not defeat federal  jurisdiction).  "However, even when there is a complete assignment, collusion may be found. That is most likely to be where there is an excellent opportunity for manipulation." *Id.*

29.    Here, the Complaint merely alleges that Atlas "assert claims against Defendants as the assignee of the **claims of approximately 18, 848 individuals**", and each assigner "has assigned their rights for claims thereunder against Defendants to Atlas." *See* Complaint, at ¶¶ 26, 30. The Complaint entirely fails to provide any factual allegations to suggest the purported assignments were conducted in good faith and satisfy the factors listed above. Notably, the Complaint strategically fails to identify

whether the purported assignments were complete or partial, the consideration the Covered Persons received for each assignment, and whether the Covered Persons are entitled to a portion of any damages recovered by Atlas. Rather, as the face of the Complaint clearly shows, this action is a putative class action and the 18,848 purported assignments is an improper and collusive attempt to destroy a federal district court's ability to exert subject matter jurisdiction.

30.    Notwithstanding above, if there are any doubts as to the true motive behind the 18,848 purported assignments, this matter still belongs in federal court as Defendants have the right to conduct jurisdictional discovery. *See Karachi Bakery India,* 2016 WL 1367862, at *2 ("Here, the Court does not have a sufficient factual record to determine whether the assignment at issue was at arms-length and for valuable consideration as opposed to being either improper or collusive. **The Court therefore orders limited jurisdictional discovery on the issue of whether the assignment was an arms-length transaction for good and valuable consideration, or whether it was the result of impropriety or collusion**.").

      **ii.    The requirements of CAFA are met because this matter is a class action lawsuit and the amount in controversy exceeds the sum or value of $5,000,000.**

31.    "[W]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Rosenblatt,* 2016 WL 3546579, at *2 (*quoting Dart Cherokee*, 135 S. Ct. 547, 551) (*citing* 28 § 1446(c)(2)(A)). And "when a defendant seeks federal-court adjudication, the

defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* (*quoting Dart Cherokee*, 135 S. Ct. 547, 553). "So, '[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.'" *Id.*

32.    "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "The statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Rosenblatt,* 2016 WL 3546579, at *2 (*quoting Knowles*, 568 U.S. 588, 591). Therefore, "[t]his entails examining both the dollar figure offered by the plaintiff and plaintiff's actual legal claims to determine whether the amount in controversy exceeds the statutory threshold, as well as considering the proofs offered by both sides and deciding, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id. (quoting Grace,* 2015 WL 4523639, at *7).

33.    Here, regarding the amount in controversy, Plaintiffs do not explicitly allege a specific dollar amount. *See* Complaint, *generally*. However, Plaintiffs allege that approximately 18, 848 claims were purportedly assigned to Atlas, and Plaintiffs

are entitled to "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation" of Daniel's Law. *See* Complaint, at ¶¶ 57, 70. Additionally, Plaintiffs are seeking punitive damages. *See Id*. Pursuant to N.J.S.A. 2A:15-5.14(b), a defendant may be liable for punitive damages in any action in an amount up to "five times the liability of that defendant for compensatory damages or $350,000, whichever is greater." *Id*. Accordingly, based on Plaintiffs' allegations, they are seeking at minimum $18,848,000 in damages. As such, Defendants satisfy the amount in controversy requirement of 28 U.S.C. § 1332(d)(6).

### iii. The Requirement of CAFA are met because this matter is a class action lawsuit, the class has more than 100 members, and the parties are minimally diverse

34.    As explained, *supra*, the class has more than 100 members because there are approximately 18, 848 individual claims. *See* Complaint, at ¶ 26. Additionally, "partial assignees may properly be treated as class members." *In re Modafinil Antitrust Litig.,* 837 F.3d 238, 252 (3d Cir. 2016), *as amended* (Sept. 29, 2016); *see also Phillips v. Wellpoint, Inc.,* No. 10-cv-357, 2010 WL 4877718, at *2 (S.D. Ill. Nov.23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

35.    As explained, *supra*, if Plaintiffs argue there are only 8 named Plaintiffs in the Complaint, this matter still belongs in federal court as Defendants have the right to conduct jurisdictional discovery to determine the true motive behind the 18,848

purported assignments, including whether they are partial or complete. *See Karachi Bakery India,* 2016 WL 1367862, at *2. Accordingly, Defendants satisfy the class size requirement of 28 U.S.C. § 1332(d)(6).

36. Regarding "the 'minimal diversity' requirement, CAFA provides that diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Gallagher,* 169 F. Supp. 3d 598, 602 (*quoting* 28 U.S.C. § 1332(d)(2)(A)). "§ 1332(d)(2) requires 'only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant' for diversity to be satisfied." *Id.* (*quoting Lowery,* 483 F. 3d 1184, 1193 n. 24). In determining whether minimal diversity exists under CAFA, "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."*Derieux v. FedEx Ground Package Sys., Inc.,* No. CV 21-13645-NLH-MJS, 2022 WL 901500, at *2 (D.N.J. Mar. 28, 2022) (*quoting* 28 U.S.C. § 1332(c)(1)).

37. Here the Complaint alleges that Plaintiff JANE DOE-1, Plaintiff JANE DOE-2, Plaintiff Maldonado, Plaintiffs Scott and Justyna Maloney, Plaintiff Colligan, Plaintiff Andreyev, and Plaintiff Sullivan "live" and "work[]" in New Jersey. *See* Complaint, at ¶¶ 15-24. Specifically, the Complaint alleges:

      a. "Plaintiff JANE DOE-1…is a decorated veteran police officer working in Northern New Jersey." *See Id*, at ¶15;

b. "Plaintiff JANE DOE-2…is a veteran correctional police officer who lives in Northern New Jersey[.]" *See Id*, at ¶16;

c. "Plaintiff Officer Edwin Maldonado joined the Plainfield, New Jersey police department as a patrol officer in 2000…In 2005, he became a detective with   Plainfield's major crimes unit[.]" *See Id*, at ¶17;

d. "Plaintiffs Sergeant Scott Maloney…and Officer Maloney…live together in New Jersey[.]" *See Id*, at ¶18;

e. "Plaintiff Detective Patrick Colligan is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey. Since 2014, Detective Colligan has served as the President of the New Jersey State Policeman's Benevolent Association[.]" *See Id*, at ¶ 22;

f. "Plaintiff Officer Peter Andreyev is a 32-year veteran of the Point Pleasant, New Jersey police department. Officer Andreyev currently serves as the Executive Vice President of the New Jersey State Policeman's Benevolent Association[.]" *See Id*, at ¶ 23;

g. "Plaintiff Officer William Sullivan is an 18-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105[.]" *See Id*, at ¶ 23;

38.     Pursuant to N.J.S.A. 40A:14-122.8, "every member of a police department and force shall be a resident of the State of New Jersey while serving in such position. Members appointed after the effective date of this act shall be residents

17

of New Jersey at the time of their appointment and thereafter unless otherwise provided herein." Accordingly, based on information and belief, Plaintiff JANE DOE-1, Plaintiff JANE DOE-2, Plaintiff Maldonado, Plaintiffs Scott and Justyna Maloney, Plaintiff Colligan, Plaintiff Andreyev, and Plaintiff Sullivan are citizens of New Jersey.

39.     The Complaint alleges that Atlas "is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *See Id*, at ¶ 25. Accordingly, based on information and belief, Plaintiff Atlas is a citizen of New Jersey.

40.     The Complaint fails to allege the citizenship of the Defendants. Notwithstanding, Defendant Compact Information Systems is incorporated and has its principal place of business in the State of Washington. Accordingly, minimal diversity exists as no named Plaintiffs are citizens of the State of Washington. *See* Complaint, *generally*. As such, this Court has subject matter jurisdiction under CAFA.

**B.     Alternatively, removal is proper pursuant to 28 U.S.C. § 1332 as this lawsuit is a mass action**

41.     As an alternative to the grounds for removal explained above in section (IV)(A), removal is also proper because this lawsuit is a "mass action" under CAFA.

42.     "Congress created the mass action in 2005, when it passed the Class Action Fairness Act (CAFA), a mostly jurisdictional statute." *Robert D. Mabe, Inc. v. OptumRX,* 43 F.4th 307, 318 (3d Cir. 2022). "CAFA's drafters feared that large-scale

state litigation—deemed mass actions and brought under non-class joinder and consolidation rules—would evade CAFA's removal provisions simply because [such] litigation was not pursued under class action rules." *Id*. (*citing* Class Actions Shrugged: Mass Actions and the Future of Aggregate Litigation, 32 Rev. Litig. 591, 606-07 (2013)). "So Congress included mass-action provisions in CAFA." *Id*. CAFA defines a mass action as:

> any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [§ 1332(a)].

28 U.S.C. § 1332(d)(11)(B)(i). "In essence, mass actions are collective actions that utilize large-scale joinder or other consolidation mechanisms rather than class certification pursuant to Rule 23." *OptumRX,* 43 F.4th 307, 319. "For this reason, 'a mass action has no representative or absent members[.]'" *Id.* (*quoting Abraham v. St. Croix Renaissance Grp., L.L.L.P.*, 719 F.3d 270, 272 n.1 (3d Cir. 2013)). "The Senate Judiciary Committee described mass actions as 'class actions in disguise.'" *Id.* (*quoting*   S. Rep. No. 109-14 (2005); *see also Lowery,* 483 F.3d 1184, 1198 ("in extending CAFA to large individual state court cases that are functionally indistinguishable from class actions, the mass action provision prevents plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to seek class certification.").

43.    "CAFA confers jurisdiction over 'any civil action' where the 'claims of 100 or more persons are proposed to be tried jointly' with an aggregate value of $5 million, 'except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a) [of more than $75,000].'" *Haley v. AMS Servicing, LLC*, No. CIV. 13-5645 FSH JBC, 2014 WL 2602044, at *4 (D.N.J. June 11, 2014) (*quoting* 28 § 1332(d)(11)(B)(i)). Each Plaintiff need not place more than $75,000 at issue for CAFA jurisdiction to attach to the entire action. *Id*. (*citing Lowery,* 483 F.3d 1184, 1205). Rather, removal is proper where "at least one individual has a claim where the amount in controversy is greater than $75,000." *Id.*

44.    Here, as explained, *supra*, all the mass action elements that overlap with those under a class action pursuant to CAFA are satisfied. Furthermore the additional $75,000 individual amount-in-controversy requirement is satisfied as "courts have held that claims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Heffley v. Acme Markets, Inc.,* No. 1:08-CV-3397 (NLH), 2009 WL 10690351, at *2 (D.N.J. Mar. 16, 2009) (*quoting Golden ex rel. Golden v. Golden*, 382 F.3d 348 (3d Cir. 2004); *citing Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008); N.J.S.A. 2A:15–5.14(b) (Under New Jersey law, a plaintiff can collect punitive damages of up to five times the compensatory damages **or $350,000, whichever is greater**.)); *see also Ifill v. CVS Pharmacy*, No.

CV2014818KMJBC, 2021 WL 486884, at *3 (D.N.J. Feb. 9, 2021) (same); *Zanger v. Bank of Am., N.A.,* No. CIV. 10-2480 RBK KMW, 2010 WL 3910142, at *4 (D.N.J. Oct. 1, 2010) (same). Accordingly, in the alternative, a federal district court can exert subject matter jurisdiction over this lawsuit because all of the elements relating to a mass action under CAFA are satisfied.

### C.    Removal is also proper pursuant to 28 U.S.C. § 1331 as a federal question exists

45.    A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Ordinarily, in order for a claim to arise under federal law, the "well-pleaded complaint" must establish "either that federal law creates the cause of action or that the plaintiffs['] right to relief necessarily depends on resolution of a substantial question of federal law." *Ham v. Novartis Int'l AG*, No. CV233503MEFMAH, 2023 WL 7634774, at *4 (D.N.J. Oct. 17, 2023*), report and recommendation adopted, No*. CV2303503MEFMAH, 2023 WL 7633170 (D.N.J. Nov. 14, 2023) (*quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27-28 (1983)). However, "[f]ederal jurisdiction may exist where… a state law claim raises a substantial embedded federal issue that can be addressed by the federal courts without disturbing congressional intent.'" *Stepnosky v. Silgan Holdings, Inc.,* No. 21-CV-00319-KM-ESK, 2021 WL 2802473, at *4 (D.N.J. July 2, 2021) (*quoting  Parrish v. The Arc of*

*Morris Cnty., LLC*, 193 F. Supp. 3d 425, 430 (D. N.J 2016)).

### i.    Removal is proper as embedded jurisdiction exists

46.    As an exception to the well-pleaded complaint rule, "federal jurisdiction over a state[-]law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Torres v. City of Trenton*, No. CV1918368MASZNQ, 2020 WL 2767316, at *2 (D.N.J. May 27, 2020) (*quoting Gunn v. Minton,* 568 U.S. 251, 258 (2013) (*citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]")). "This type of federal question jurisdiction is also known as 'arising under' or 'embedded' jurisdiction."*Stepnosky,* 2021 WL 2802473, at *4 (*citing MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412 (3d Cir. 2015)). "Thus, even where no federal claims are asserted in the complaint, causes of action under state law may nonetheless 'arise under' federal law for purposes of 28 U.S.C. § 1331 'if the four-pronged *Grable* test is met.'" *Id*. (*quoting Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014)).

47.    Under the first *Grable* factor "for a federal issue to be necessarily raised, 'vindication of a right under state law [must] necessarily turn[ ] on some construction

of federal law.' *Id.* (*quoting Manning,* 772 F.3d 158, 163) (*quoting Franchise Tax Bd.,* 463 U.S. 1, 9). Here, Plaintiffs' state law claim turns on construction of federal law, namely the constitutionality of Daniel's Law. Furthermore, district courts throughout the country have continuously held that constitutional challenges to state challenges gives rise to federal question jurisdiction. *See Women's Med. Pro. Corp. v. Voinovich,* 911 F. Supp. 1051, 1058 (S.D. Ohio 1995), *aff'd,* 130 F.3d 187 (6th Cir. 1997) ("[B]ecause this case involves a challenge to the constitutionality of a state statute under the United States Constitution, federal question jurisdiction is proper under 28 U.S.C. § 1331"); *Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F. Supp. 1050, 1056 (S.D.N.Y. 1994), *aff'd,* 54 F.3d 765 (2d Cir. 1995) ("a federal court may properly consider a challenge to the constitutionality of a state rule or law, and in such a case, the court does have subject matter jurisdiction.") (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); *Illinois Legislative Redistricting Comm'n v. LaPaille,* 786 F. Supp. 704, 710 (N.D. Ill. 1992) ("A federal district court, however, has subject matter jurisdiction over a federal constitutional challenge to a state law[.]") (*citing  Keene Corp. v. Cass,* 908 F.2d 293, 296–97 (8th Cir.1990)).

48.    Under the second *Grable* factor, a federal issue is actually disputed because to the best of Defendants' knowledge,  there does not appear to be any case analyzing the legality of Daniel's Law under the U.S. Constitution.

49.    Under the third *Grable* factor, "a substantial federal issue is 'a serious

federal interest in claiming the advantages thought to be inherent in a federal forum,' one that "justif[ies] resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *W. Virginia ex rel. McGraw v. Bristol Myers Squibb Co.,* No. CIV.A. 13-1603 FLW, 2014 WL 793569, at \*8 (D.N.J. Feb. 26, 2014) (*quoting Grable,* 545 U.S. 308, 312–13)). Furthermore, under the fourth *Grable* factor, "the substantiality and federalism prongs of *Grable* are closely intertwined." *Id.* (*citing Gunn,* 133 S.Ct. at 1065).   Here, there can be no doubt the substantiality and federalism prongs are satisfied as pursuant to Federal Rule of Civil Procedure 5.1 Defendants and approximately 71 other similarly situated defendants[6] are challenging, among other things, the legality of Daniel's Law as facially unconstitutional under the First Amendment of the United States Constitution. This challenge is more appropriate in a federal forum as district courts have more experience and solicitude in analyzing the U.S. Constitution than state courts.

## V.    CONCLUSION

Based upon the grounds set forth above, removal is proper pursuant to 28 U.S.C. §§ 1331, and 1332. Furthermore, if any doubts exist as to the ability of the Defendants to remove to federal court (which there should not be), Defendants are

---

[6] See *Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, et al v.Lightbox Parent, et al* (Case No. 1:24-cv-04105-HB), ECF. No. 25, 27, 31.

entitled to jurisdictional discovery regarding the legitimacy of the purported 18,848

assignments.

Respectfully submitted,

*/s/ Jared K. Levy*
Jared K. Levy
400 Connell Drive, Suite 1100
Berkeley Heights, NJ 07922
jlevy@wshblaw.com

.

**Attorneys for Compact Information Systems, LLC, Accudata Integrated Marketing, Inc., Alumnifinder, ASL Marketing, Inc., College Bound Selection Service, Deepsync Labs, Homedata, Student Research Group**