**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN

Plaintiffs,

v.

COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*

Defendants.

Civil Action No. 1:24-cv-08451-HB
Hon. Harvey Bartle III, U.S.D.J.

**DEFENDANTS COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, AND STUDENT RESEARCH GROUP'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ....................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................2

III. LEGAL STANDARD ....................4

IV. ARGUMENT ....................5

A. PLAINTIFFS UNDULY DELAYED IN SEEKING TO ADD APPROXIMATELY 5,350 ASSIGNORS WHOSE CLAIMS, BY PLAINTIFFS' OWN ALLEGATIONS, EXISTED BEFORE THIS ACTION WAS FILED ....................6

B. TO THE EXTENT THE NEW ASSIGNMENTS ARE POST-FILING EVENTS, THE MOTION IS ONE TO SUPPLEMENT UNDER RULE 15(d), AND SUPPLEMENTATION WOULD NOT BE JUST ....................9

C. THE PROPOSED AMENDMENT WOULD UNDULY PREJUDICE THE COMPACT DEFENDANTS BY REQUIRING A NEW ROUND OF ASSIGNOR-SPECIFIC DISCOVERY ....................10

D. PLAINTIFFS' FILED REDLINE DOES NOT DISCLOSE THE AMENDMENT'S DELETIONS, AS REQUIRED BY LOCAL CIVIL RULE 15.1 ....................13

E. THE PROPOSED AMENDMENT IS NOT LIMITED TO "CONFORMING" CHANGES AND SHOULD NOT BE PERMITTED TO ADD NEW INTENT AND JURISDICTIONAL ALLEGATIONS ....................15

F. ALTERNATIVELY, ANY LEAVE SHOULD BE CONDITIONED ON JUST TERMS ....................17

V. CONCLUSION ....................18

# TABLE OF AUTHORITIES

Cases

*BLOM Bank SAL v. Honickman,*605 U.S. 204 (2025) .......... 4
*Blue Gentian, LLC v. Tristar Prods., Inc.,*No. CV 13-1758 (EP) (MAH), 2024 WL 4719560 (D.N.J. Nov. 8, 2024) .......... 13, 18
*Cureton v. Nat'l Collegiate Athletic Ass'n,*252 F.3d 267 (3d Cir. 2001) .......... 2, 4, 5, 6, 8, 10, 11
*Foman v. Davis,*371 U.S. 178 (1962) .......... 2, 4
*Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.,*259 F.R.D. 95 (D.N.J. 2009) .......... 12
*In re Caterpillar Inc.,*67 F. Supp. 3d 663 (D.N.J. 2014) .......... 8
*Krupski v. Costa Crociere S. p. A.,*560 U.S. 538 (2010) .......... 4
*Manutti v. Estate of Kohler,*No. 24-5806, 2026 WL 3034197 (D.N.J. Oct. 9, 2026) .......... 6, 11
*Mullin v. Balicki,*875 F.3d 140 (3d Cir. 2017) .......... passim
*Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs. Inc.,*12 F.4th 337 (3d Cir. 2021) 4
*Spartan Concrete Prods., LLC v. Argos USVI, Corp.,*929 F.3d 107 (3d Cir. 2019) .......... 10
*T Mobile Ne. LLC v. City of Wilmington, Delaware,*913 F.3d 311 (3d Cir. 2019) .......... 5, 9, 17
Atlas Data Priv. *Corp. v.* We Inform, LLC,,265 N.J. 275, 297 (2026) .......... 10, 16, 18

Statutes

N.J. Stat. Ann. § 56:8-166.1(a)-(b) .......... 1, 11

Rules

Fed. R. Civ. P. 15 .......... 5
Fed. R. Civ. P. 15(a) .......... 3, 4,8, 9, 17
Fed. R. Civ. P. 15(c) .......... 4
Fed. R. Civ. P. 15(d) .......... 5, 9 17

## I. PRELIMINARY STATEMENT

The proposed First Amended Complaint does considerably more than Plaintiffs suggest. *See* Mem. of Law in Supp. of Pls.' Mot. for Leave (ECF No. 99-3) ("Pls.' Br.") at 1. It would expand the number of assignors whose claims Atlas Data Privacy Corporation ("Atlas") asserts against Compact Information Systems, LLC; Accudata Integrated Marketing, Inc.; AlumniFinder; ASL Marketing, Inc.; College Bound Selection Service; Deepsync Labs; HomeData; and Student Research Group (the "Compact Defendants") from approximately 18,848 to approximately 24,198, an increase of roughly 5,350 separate claimants. Compl. ¶ 26, *Atlas Data Priv. Corp. v. Compact Info. Sys., LLC*, No. MON-L-000534-24 (N.J. Super. Ct. Law Div. filed Feb. 8, 2024); Proposed First Am. Compl. (ECF No. 99-7) ("FAC") ¶ 28. Each added assignor brings an individual claim that turns on that person's own covered person status, nondisclosure request, receipt, and the treatment of that person's information after the statutory compliance period. N.J. Stat. Ann. § 56:8-166.1(a)-(b). Since Daniel's Law provides for liquidated damages of not less than $1,000 per violation, the added assignors increase the Compact Defendants' claimed minimum exposure by at least $5.35 million. *Id.* § 56:8-166.1(c)(1). The amendment would also insert new allegations that the Compact Defendants acted "knowingly and intentionally" and "expressly aimed" their conduct at New Jersey. Those allegations go to punitive damages and personal jurisdiction, not to conforming the pleading to its removal posture. FAC ¶¶ 53, 55. Furthermore, the redline Plaintiffs filed to show these changes marks only additions – it does not bracket or strike a single deleted word, as Local Civil Rule 15.1 requires. *See* Point D, *infra*.

Plaintiffs offer no explanation for the timing of their motion. Both the original Complaint and the proposed amendment allege that every assignor sent a nondisclosure request "[s]tarting on

or about January 3, 2024," weeks before this action was filed. Compl. ¶ 58; FAC ¶ 70. By Plaintiffs' own account then, the claims they now seek to add predate the suit. Plaintiffs nonetheless waited more than two and a half years, through removal, two rounds of motions to dismiss, the Compact Defendants' Answer, and the service of and responses to written discovery, to plead them. Plaintiffs say they could not have pleaded the new assignments sooner, but this Court has already found that Atlas decides whether and when to take an assignment. *Atlas Data Priv. Corp. v. Blackbaud, Inc.*, 757 F. Supp. 3d 605, 611 (D.N.J. 2024). The timing of these assignments was therefore Atlas's choice, and Atlas never told the Compact Defendants who the new assignors were or when their assignments were made.

Leave to amend is not freely given when the movant's delay is undue and the amendment would impose substantial new burdens on the opposing party, as it would here. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). The motion should therefore be denied. In the alternative, the Court should limit any amendment to the jurisdictional and venue changes that genuinely conform the pleading to the proofs, and for this Court to impose just terms on any expansion of the assignor population.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs commenced this action on February 8, 2024, in the Superior Court of New Jersey, Law Division, Monmouth County. On August 13, 2024, the Compact Defendants removed the action to this Court. The original Complaint asserted claims on behalf of Atlas as assignee of approximately 18,848 individuals, together with the claims of the individual Plaintiffs. Compl. ¶ 26. It alleged that each of the individual Plaintiffs and all of the assignors sent the Compact Defendants written nondisclosure requests starting on or about January 3, 2024. Compl. ¶ 58.

The Court denied Defendants' consolidated motion to dismiss on constitutional grounds on November 26, 2024, and denied Defendants' second consolidated motion to dismiss under Rule 12(b)(6) on June 27, 2025. The Compact Defendants answered the Complaint on October 3, 2025. *See* Answer, ECF No. 63.

Fact discovery is proceeding under the Court's September 9, 2026 Order. Plaintiffs served written discovery on the Compact Defendants on September 24, 2026, and the Compact Defendants served their responses on November 10, 2026. Decl. of Jared K. Levy ("Levy Decl.") ¶ 10. Those responses were prepared based on the Individual Plaintiffs and the approximately 18,848 assignors pleaded in the original Complaint. *Id.*

On October 16, 2026, Plaintiffs moved for leave to file a First Amended Complaint under Rule 15(a). Plaintiffs state that additional covered persons have assigned claims to Atlas "[s]ince the original Complaints were filed," and that the amendment updates the number of assignors and conforms the jurisdictional and venue allegations. Decl. of Julia R. Livingston (ECF No. 99-1) ("Livingston Decl.") ¶ 8. The proposed amendment would incorporate two changes. First, the proposed pleading would increase the assignor population to approximately 24,198. FAC ¶ 28. It retains the allegation that all assignors sent requests starting on or about January 3, 2024. FAC ¶ 70. Neither the motion nor the proposed pleading identifies the new assignors, the dates of their nondisclosure requests, or the dates of their assignments. Second, it replaces the original Complaint's two-paragraph jurisdiction and venue section, which referred only to the parties' residence or business in New Jersey and to venue in Monmouth County, with twelve paragraphs that, among other things, allege that the Compact Defendants "knowingly and intentionally" disclose protected information and that their conduct was "expressly aimed" at New Jersey. Compl.

¶¶ 49-50; FAC ¶¶ 53, 55. In its November 3, 2026 Order, the Court set November 23, 2026 as the deadline for Defendants' responsive briefs. *See* Order, ECF No. 102.

## III. **LEGAL STANDARD**

After a responsive pleading has been served, a party may only amend with the opposing party's written consent or with the district court's leave, which the court should give when justice so requires. Fed. R. Civ. P. 15(a)(2); *see BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213–14 (2025) (recognizing that pretrial amendments are governed by Rule 15). Leave may be denied for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Foman*, 371 U.S. at 182; *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552–53 (2010) (the district court holds the discretion to deny a motion to amend based on a movant's delay, bad faith, or other dilatory motive). The Third Circuit considers prejudice to the non-moving party, and courts may also weigh additional equities such as judicial economy and the burden on the court. *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017). That inquiry is independent of whether a proposed amendment would relate back under Rule 15(c), so a court may deny leave even where an amendment would otherwise relate back. *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 349–50 (3d Cir. 2021).

Delay alone does not warrant denial, but delay becomes undue when it places an unwarranted burden on the court or an unfair burden on the opposing party—this inquiry focuses on the movant's reasons for not amending sooner. *Cureton*, 252 F.3d at 273. Undue delay is delay that is "protracted and unjustified," and the Third Circuit has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment." *Mullin*, 875 F.3d at 151 (quoting *CMR D.N. Corp. v. City of*

*Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013)). In assessing prejudice, courts consider whether the amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *Cureton*, 252 F.3d at 273. Rule 15 also distinguishes amendment from supplementation. An amendment reflects the state of things as of the date the action was commenced, while supplementation adds allegations "based on events that occurred *after* the initiation of the lawsuit." *Lutter v. JNESO*, 86 F.4th 111, 124-25 (3d Cir. 2023). A supplemental pleading under Rule 15(d) requires leave of court and may be permitted only "on just terms." Fed. R. Civ. P. 15(d); *T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 326 (3d Cir. 2019).

## IV. ARGUMENT

The motion should be denied for reasons that are each independently sufficient. First, Plaintiffs unduly delayed: the added claims rest on nondisclosure requests sent before suit, Atlas controlled when it took the assignments, and Plaintiffs offer no cogent reason for waiting more than two and a half years (Point A). Second, to the extent Plaintiffs characterize the new assignments as post-filing events, the motion is really one to supplement under Rule 15(d), which Plaintiffs never invoke, and supplementation is not "just" where Atlas alone controlled the timing and gave the Compact Defendants no notice of the new assignors (Point B). Third, adding more than 5,350 individualized claims after written discovery has been served would cause concrete prejudice (Point C). Fourth, Plaintiffs' redline omits the amendment's deletions in violation of Local Civil Rule 15.1, obscuring substantive changes that bear on delay and prejudice (Point D). Fifth, the new intent and "express aiming" allegations are not conforming changes at all (Point E). If the Court nonetheless permits any amendment, it should do so only on just terms (Point F).

### A. PLAINTIFFS UNDULY DELAYED IN SEEKING TO ADD APPROXIMATELY 5,350 ASSIGNORS WHOSE CLAIMS, BY PLAINTIFFS' OWN ALLEGATIONS, EXISTED BEFORE THIS ACTION WAS FILED

Plaintiffs' own statements establish that the claims they now seek to add are not new. Both the original Complaint and the proposed amendment allege that all of the assignors sent their nondisclosure requests starting on or about January 3, 2024. Compl. ¶ 58; FAC ¶ 70. The alleged violations underlying the added claims therefore occurred before Plaintiffs filed suit on February 8, 2024. Delay may become undue when a movant has had previous opportunities to amend, and the Third Circuit has affirmed denial of leave to add claims about which the movant had notice before filing its original complaint. *USX Corp. v. Barnhart*, 395 F.3d 161, 167-69 (3d Cir. 2004); *Cureton*, 252 F.3d at 273; *see also Manutti v. Estate of Kohler*, No. 24-5806, 2026 WL 3034197, at *6-7 (D.N.J. Oct. 9, 2026).

Plaintiffs had many opportunities to plead these claims. The case was removed in August 2024, was the subject of two rounds of dispositive motion practice, and has been at issue since the Compact Defendants answered in October 2025. FAC ¶ 5; Pls.' Br. 2; Answer, ECF No. 63. Plaintiffs nonetheless waited until October 2026, after the parties had served written discovery directed to the existing claims, to seek leave. Their motion says that additional covered persons assigned claims "[s]ince the original Complaints were filed." Livingston Decl. ¶ 8. It does not say when those assignments were obtained, why they could not have been obtained earlier, or why Plaintiffs did not seek leave as they accumulated. Since the delay inquiry turns on why the movant did not amend sooner, that silence is dispositive. *See Cureton*, 252 F.3d at 273–74; *Mullin*, 875 F.3d at 151.

Plaintiffs' only explanation is that the additional assignments "accrued after the original Complaints were filed" and so "could not have [been] pleaded" earlier. Pls.' Br. 5. That explanation does not withstand scrutiny. Under Atlas's own terms of service, "Atlas has discretion whether to take an assignment"; it may send an assignment confirmation and litigate a claim itself, or decline to do so. *Blackbaud*, 757 F. Supp. 3d at 611. When the timing of an assignment is entirely within the movant's control, the fact that the assignment came later is not a reason for delay. It is the delay. Nor does Plaintiffs' brief say when the new assignments were made, why Atlas did not take them before suit or as they accumulated, or why it waited until after written discovery was served to disclose them. Plaintiffs instead assert that Defendants have been on notice "of Atlas's status as assignee of a growing number of Covered Persons." Pls.' Br. 6. But the original Complaint pleaded a fixed figure of approximately 18,848 assignors, Compl. ¶ 26, and Plaintiffs identify nothing that ever notified the Compact Defendants that the number had grown, by how much, or when. A defendant cannot prepare to meet claims of persons it has never been told exist. Plaintiffs' own brief acknowledges that where "[a] considerable [amount of] time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" Pls.' Br. 5 (citation omitted). Plaintiffs have not carried that burden.

This Court has already applied these principles to Atlas. In *Atlas Data Privacy Corp. v. True Software Scandinavia AB*, Judge Bartle found that Atlas "acted with undue delay in moving to amend the complaint . . . well over two years after this action was initiated," where Atlas had known the relevant facts for months and made "the calculated decision to wait." No. CV 25-7650, 2026 WL 2517177, at *3-4 (D.N.J. Aug. 26, 2026) (denying post-dismissal motion under Rules

60(b) and 15(a) to add defendants). Binding Third Circuit precedent is to the same effect. In *USX*, the Third Circuit affirmed the denial of leave to add additional assignments where the plaintiffs "waited over three years to amend" and "had notice of the assignments prior to filing both the original complaint and the first amended complaint." 395 F.3d at 168-69. In *Cureton*, the Third Circuit likewise affirmed a finding of undue delay where the motion came three years after the complaint and the factual basis for the amendment had been known for roughly two and a half years. 252 F.3d at 273-74; *see USX*, 395 F.3d at 168-69 (describing *Cureton*). The timeline here is comparable – Plaintiffs filed in February 2024, allege that every assignor's request was sent starting in January 2024, and sought leave on October 16, 2026. Compl. ¶ 58; Pls.' Mot. for Leave (ECF No. 99).

The absence of a deadline for amendments does not excuse the delay. Plaintiffs emphasize that no order sets such a deadline. Pls.' Br. 2. However, Rule 15(a) independently permits denial for undue delay, and Plaintiffs are still required to explain why they did not amend sooner. *Mullin*, 875 F.3d at 151. Decisions finding no undue delay in the absence of an amendment deadline involved materially different circumstances. In *Caterpillar*, for example, the court found no undue delay where the multidistrict litigation was at an early stage. *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014). Here, by contrast, the Compact Defendants answered more than a year ago, and merits discovery is well underway. Plaintiffs assert that "merits discovery has not begun," Pls.' Br. 6, but their own declaration confirms that written discovery was served on September 24, 2026, Livingston Decl. ¶ 7, and the Compact Defendants have since served responses directed to the claims as originally pleaded. Levy Decl. ¶ 10.

### B. TO THE EXTENT THE NEW ASSIGNMENTS ARE POST-FILING EVENTS, THE MOTION IS ONE TO SUPPLEMENT UNDER RULE 15(d), AND SUPPLEMENTATION WOULD NOT BE JUST

Plaintiffs cannot have it both ways. If, as Plaintiffs' pleading alleges, the added claims arise from pre-suit nondisclosure requests, the delay is unexplained for the reasons above. If instead, as Plaintiffs' brief contends, the operative event is the post-filing assignment, then what Plaintiffs seek is not an amendment at all. An amendment revises a complaint "to reflect the state of things *as of* the date the action was commenced," whereas supplementation adds allegations "based on events that occurred *after* the initiation of the lawsuit." *Lutter*, 86 F.4th at 124-25; *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[R]ather than set forth additional events that occurred before the original complaint was filed, as does a Rule 15(a) amendment, a supplemental pleading under Rule 15(d) presents more recent events."). Plaintiffs moved only under Rule 15(a) and do not address Rule 15(d). Courts in this District have rejected efforts to plead post-pleading events through Rule 15(a), holding that "the proper procedural mechanism was . . . a supplemental pleading under Rule 15(d)—not an amended pleading under Rule 15(a)." *Williams v. Twp. of Cherry Hill*, No. 1:23-CV-01946-KMW-AMD, 2026 WL 891752, at *5 (D.N.J. Mar. 31, 2026).

The distinction matters. The Third Circuit has explained that the standards for amendment and supplementation "do not conform exactly as more lenience is afforded to amendment," because Rule 15(d) permits supplementation only "on just terms." *Lutter*, 86 F.4th at 125 n.13 (quoting Fed. R. Civ. P. 15(d)). Leave to supplement is appropriately withheld in the presence of "undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility." *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 361 (D.N.J. 2000). In *T Mobile*, supplementation was "just" because the defendant "had long since had notice of the event" being added; the defendant had issued the

decision itself, and "the denial was featured in the parties' discovery plan." 913 F.3d at 326. This case is the opposite. Atlas alone controlled whether and when to confirm each assignment, and the Compact Defendants received no notice of who the approximately 5,350 new assignors are, when they sent their requests, or when they assigned their claims. None of that information appears in the parties' discovery to date. *Blackbaud*, 757 F. Supp. 3d at 611. *See* Levy Decl. ¶ 10.

The circumstances also bear on bad faith and dilatory motive. Atlas knows how to substantiate its assignors' claims when it chooses to; in the companion litigation, Atlas furnished defendants the names, home addresses, and unlisted phone numbers of the assignors, and the Court ordered it to disclose the dates the assignors delivered their takedown notices and the category of covered person into which each falls. *Atlas Data Priv. Corp. v. We Inform, LLC*, No. CV 24-10600, 2025 WL 1787566, at *4 (D.N.J. June 27, 2025). Here, by contrast, Atlas accumulated assignments it controlled, disclosed only an approximate total, and did so only after written discovery directed to the original assignor population had been served. Whether or not that sequence was deliberate, Plaintiffs have not shown that permitting supplementation on these terms would be just.

### C. THE PROPOSED AMENDMENT WOULD UNDULY PREJUDICE THE COMPACT DEFENDANTS BY REQUIRING A NEW ROUND OF ASSIGNOR-SPECIFIC DISCOVERY

Courts assessing prejudice consider whether an amendment would require additional discovery, cost, and preparation to defend against new facts. *Cureton*, 252 F.3d at 273. Prejudice supports denial where an amendment would require "burdensome new discovery and significant new trial preparation." *Cureton*, 252 F.3d at 275-76. The Third Circuit has affirmed the denial of leave on prejudice grounds where new claims "would require additional discovery" and would "fundamentally alter[] the proceeding." *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929

F.3d 107, 117 (3d Cir. 2019) (quoting *Cureton*, 252 F.3d at 274). Courts in this District likewise deny leave where new claims would require "another comprehensive round of written discovery." *Manutti*, 2026 WL 3034197, at *7.

That is the case here. Daniel's Law liability depends on written notice from an authorized person that the authorized person's home address and unpublished phone number were transmitted to third parties; the recipient then has ten business days after receiving that notice to stop transmitting the authorized person's home address and unpublished phone number. N.J. Stat. Ann. § 56:8-166.1(a)-(b). Each of the approximately 5,350 new assignors therefore presents a distinct claim requiring individualized proof, and each carries a claimed minimum of $1,000 in liquidated damages per violation. *Id.* § 56:8-166.1(c)(1). The September 9, 2026 Order limits each party to twenty-five interrogatories and thirty requests for production. Order ¶¶ 3-4, ECF No. 96. The parties served written discovery under that Order, and the Compact Defendants responded based on the assignor population pleaded in the operative Complaint. *See* Levy Decl. ¶ 10. Adding more than 5,350 claimants would require the Compact Defendants to identify and match each new assignor against their records, investigate the receipt and handling of each new assignor's request, and supplement their discovery responses, all within discovery limits the Court set for the claims as originally pleaded. The September 9, 2026 Order also set December 3, 2026 as the deadline for motions to compel following the parties' meet-and-confer on the served responses. Order ¶¶ 6-7, ECF No. 96. Adding thousands of claimants now would require supplemental responses outside that timeframe.

These burdens are concrete, not incidental. Courts have found no prejudice where an amendment added only one party and discovery remained at an early stage. *Formosa Plastics*

*Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99-100 (D.N.J. 2009). Here, the amendment would enlarge the claimant population from approximately 18,848 to approximately 24,198, after written discovery has been served and answered. Compl. ¶ 26; FAC ¶ 28; Levy Decl. ¶ 10. Since Plaintiffs' practice of accumulating assignments mid-case has no stated endpoint, granting leave would render the complaint a moving target.

Plaintiffs' reliance on *Ramos v. Walmart Inc.* underscores the point. Plaintiffs quote *Ramos* for the proposition that a defendant "cannot claim undue prejudice when there are no new claims, substantive allegations, or expansions of the putative class." Pls.' Br. 7 (quoting No. CV 21-13827 (BRM) (AME), 2025 WL 397001, at *10 (D.N.J. Jan. 31, 2025) (report and recommendation)). However, in *Ramos*, the plaintiffs were "not seeking to add any new claims"; they sought only to dismiss one putative class, so the defendant would "defend against the same claims and with one less putative class." 2025 WL 397001, at *10. The proposed amendment here does the reverse on each of the factors *Ramos* identified. It adds approximately 5,350 new claims, each belonging to a different person. It expands the population of claimants by more than 28 percent. It also adds new substantive allegations of knowing, intentional, and expressly aimed conduct. *See* Points D-E, *infra*. Plaintiffs' redline's failure to disclose the deletions accompanying those additions only makes it harder to see how far the amendment departs from the "no new claims" premise on which *Ramos* rests.

Denial would not unfairly prejudice Plaintiffs. Courts weigh the prejudice that denying leave would cause the movant, but Plaintiffs have not argued that any newly added assignor's claim would be lost if it is not folded into this action at this stage. *See Mullin*, 875 F.3d at 149-50. Courts in this District have denied late amendments without prejudice to the movant's right to pursue the

additional claims in a separate action. *See Blue Gentian, LLC v. Tristar Prods., Inc.,* No. CV 13-1758 (EP) (MAH), 2024 WL 4719560, at *2 (D.N.J. Nov. 8, 2024). Here, the burden on the Compact Defendants of absorbing more than 5,350 new claims midway through written discovery would be immediate and concrete.

### D. PLAINTIFFS' FILED REDLINE DOES NOT DISCLOSE THE AMENDMENT'S DELETIONS, AS REQUIRED BY LOCAL CIVIL RULE 15.1

Local Civil Rule 15.1 requires a party seeking leave to amend to attach a form of the amended pleading that "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(2). The rule exists so that the Court and the opposing party can see both what is being added and what is being taken away. Plaintiffs represented that their redline exhibits show "the changes made between the original Complaint and the proposed First Amended Complaint." Livingston Decl. ¶ 10.

The redline Plaintiffs filed in this action does not do that. Exhibit G marks added text with highlighting, but nowhere in its twenty-seven pages does it bracket or strike through any deleted text. Pls.' Mot. Ex. G, ECF No. 99-11. Language that appeared in the original Complaint and does not appear in the proposed amendment simply vanishes, with nothing to show the reader that it was ever there. *See* Levy Decl. Ex. A (full comparison of original Complaint and proposed First Amended Complaint). A reader of Exhibit G therefore only sees what Plaintiffs chose to add, not what they've removed.

The jurisdiction and venue section illustrates why this matters. Plaintiffs describe the amendment as limited to updating the number of assignors. In reality, a two-sentence forum

allegation has been replaced with a set of allegations about the Compact Defendants' knowledge, intent, and targeting of New Jersey. The original Complaint alleged, in two paragraphs, that jurisdiction was proper because "the parties reside and/or conduct business in New Jersey" and the "unlawful actions complained of herein occurred in New Jersey," and that venue was proper in Monmouth County under New Jersey Court Rule 4:3-2. Compl. ¶¶ 49-50. Exhibit G does not show either paragraph as deleted. Instead, Exhibit G presents twelve highlighted paragraphs as new text under the same heading, including the allegations that the Compact Defendants "knowingly and intentionally" disclose protected information, act through "intentional conduct," and "expressly aimed" their conduct at New Jersey. Ex. G ¶¶ 51-62, ECF No. 99-11; Levy Decl. ¶ 8. Since the deleted allegations are not shown, the redline obscures the scale of the substitution. Read alongside Plaintiffs' assurance that the amendment merely "conform[s] the jurisdictional, venue, and related allegations" to the action's posture (FAC ¶ 6), the one-sided redline invites the Court to treat these paragraphs as a routine post-removal update rather than the substantive additions they are.

Plaintiffs conceal another significant omission. In the original Complaint, the paragraph describing Plaintiff Peter Andreyev ended with the allegation that he "has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers." Compl. ¶ 23; Levy Decl. ¶ 9. The corresponding paragraph of the proposed amendment omits that allegation and now ends with the sentence concerning his counseling of other officers. FAC ¶ 25; Levy Decl. ¶ 9. Exhibit G gives no indication of the change. Ex. G ¶ 25, ECF No. 99-11. Plaintiffs may explain the omitted language as a drafting error, since the same words also close Officer Sullivan's paragraph. Compl. ¶ 24. But that is the type of judgment the Court and the Compact Defendants are entitled to make for themselves from a rule-compliant

redline. The withdrawn allegation concerns the factual basis for one named Plaintiff's claim, and the Compact Defendants' discovery responses were prepared against the original pleading. Levy Decl. ¶ 10.

Whatever the reason for it, the deficiency is material. A comparison that marks additions but omits deletions does not "indicate in what respect(s)" the pleading differs, L. Civ. R. 15.1(a)(2), and it deprives the Court of the information it needs to assess delay, prejudice, and Plaintiffs' characterization of the amendment as "narrow," Pls.' Br. 1. The Compact Defendants have attached a full comparison so that the Court has an accurate account of the changes in the interim. *See* Levy Decl. Ex. A.

### E. THE PROPOSED AMENDMENT IS NOT LIMITED TO "CONFORMING" CHANGES AND SHOULD NOT BE PERMITTED TO ADD NEW INTENT AND JURISDICTIONAL ALLEGATIONS

Plaintiffs represent that the amendment merely conforms the jurisdictional, venue, and related allegations to the action's posture following removal. FAC ¶ 6. Some changes fit that description, such as the substitution of a federal venue allegation for the original reference to venue in Monmouth County. Compl. ¶ 50; FAC ¶ 62. The Compact Defendants do not oppose amendments of that limited kind.

Other changes do not merely conform the allegations to the action's post-removal posture. The original Complaint's jurisdictional section consisted of a single sentence asserting that the parties reside or conduct business in New Jersey. Compl. ¶ 49. The proposed amendment replaces it with new factual allegations that the Compact Defendants "knowingly and intentionally" disclosed protected information, that disclosure resulted from their "intentional conduct," and that they "expressly aimed" their conduct at New Jersey. FAC ¶¶ 53–55. It also characterizes seven of

the eight Compact Defendants as affiliates, divisions, or trade names of Compact Information Systems, LLC. FAC ¶ 51. These are substantive allegations about the Compact Defendants' state of mind and corporate relationships, not conforming changes, and Plaintiffs offer no justification for them.

The new intent allegations are material. Plaintiffs seek punitive damages, which the statute, as Plaintiffs plead it, permits only "upon proof of willful or reckless disregard of the law." N.J. Stat. Ann. § 56:8-166.1(c)(2); *see* FAC ¶ 69; FAC, Prayer for Relief ¶ C. Allegations of knowing and intentional conduct therefore go to the merits and the potential exposure of the Compact Defendants, not to the forum. Their significance has also increased since this action was filed. The Supreme Court of New Jersey has since held that Daniel's Law contains no mental-state requirement for actual damages, which leaves the defendant's state of mind relevant principally to punitive damages. *Atlas Data Priv. Corp. v. We Inform, LLC*, 265 N.J. 275, 297 (2026) ("Based on the statutory text and legislative history, we hold that Daniel's Law contains no mental state requirement for claims in which the plaintiff seeks actual damages under Section 166.1(c)(1)."). Plaintiffs should not be permitted to reshape the punitive damages allegations of the case under the label of a conforming amendment.

The new "expressly aimed" allegations raise a related concern. Those allegations track the showing required to establish specific personal jurisdiction, and they appear designed to insulate this action from the kind of jurisdictional challenge that has led this Court to dismiss other Atlas actions. Just last month, after jurisdictional discovery, this Court dismissed Atlas's Daniel's Law claims against a foreign data provider for lack of specific personal jurisdiction, finding "no causal connection" between the defendant's forum activities and the claims and that plaintiffs had not

established the "something more" required. *Atlas Data Priv. Corp. v. Kleissner Invs. S.R.O.*, No. CV 25-17065, 2026 WL 3135059, at *1, *4 (D.N.J. Oct. 20, 2026). A post-removal pleading that adds conclusory assertions of intentional, forum-directed conduct is not a "conforming" change. It is a new jurisdictional theory, pleaded without any supporting facts specific to the Compact Defendants. FAC ¶¶ 53-55. Having represented to the Court that the amendment adds nothing of substance, Plaintiffs should be held to that representation. At a minimum, any leave should be limited to the diversity jurisdiction and venue allegations needed to reflect this Court's jurisdiction and venue.

### F. ALTERNATIVELY, ANY LEAVE SHOULD BE CONDITIONED ON JUST TERMS

If the Court is inclined to permit some amendment, it should do so only on just terms. Rule 15(d) expressly conditions supplementation on "just terms," Fed. R. Civ. P. 15(d), and the Court may likewise set conditions on amendment under Rule 15(a). *See Mullin*, 875 F.3d at 157. The Compact Defendants respectfully request that any leave be conditioned on the following terms: (1) the amendment is limited to the updated assignor count and the jurisdictional and venue allegations necessary to reflect this Court's jurisdiction and venue; and (2) Plaintiffs produce, within fourteen days, a list identifying each newly added assignor together with the date of that assignor's nondisclosure request, the date of the assignment, and the category of covered person into which the assignor falls.

These conditions follow from the considerations that govern supplementation. The Third Circuit has explained that supplementation was just where the opposing party had notice of the later event and the supplemental matter was related to the original claims. *T Mobile*, 913 F.3d at 326. Here, the Compact Defendants have no notice of who the newly added assignors are, when

they made their requests, or when they assigned their claims. The proposed conditions would supply that notice. They are also consistent with what this Court has already required of Atlas: in the companion litigation, the Court ordered Atlas to disclose the date each assignor delivered a takedown notice and the category of covered person into which each assignor fits. *We Inform*, 2025 WL 1787566, at *4. In the alternative, the Court may deny leave without prejudice to the newly added assignors' ability to pursue their claims in a separate action, as this Court has done when late amendments would unduly burden ongoing litigation. *See Blue Gentian*, 2024 WL 4719560, at *2 (describing earlier denial of leave without prejudice to plaintiffs' right to file a new action).

## V. CONCLUSION

For the foregoing reasons, the Compact Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File First Amended Complaint as to Civil Action No. 1:24-cv-08451. In the alternative, the Court should limit and condition any leave as set forth in Point IV.F.

Dated: November 23, 2026

**WOOD, SMITH, HENNING & BERMAN LLP**

*s/ Jared K. Levy*
Jared K. Levy
Christopher J. Seusing (*pro hac vice admitted*)
400 Connell Drive, Suite 1100
Berkeley Heights, NJ 07922
(973) 265-9901
jlevy@wshblaw.com
csuesing@wshblaw.com

*Attorneys for Defendants*